IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:-24-CV-625-WKW |
| | ) [WO] |
| DERRICK CUNNINGHAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff John White's action—filed under 42 U.S.C. § 1983, seeking relief from solitary confinement—was reassigned to the undersigned on March 24, 2025. Upon careful review of the record, the court finds that the nature of the relief sought by Plaintiff is more appropriately addressed under 28 U.S.C. § 2241, as it involves the fact or duration of Plaintiff's physical imprisonment in solitary confinement.

In *Krist v. Ricketts*, 504 F.2d 887 (5th Cir. 1974), the former Fifth Circuit recognized that habeas corpus is generally available to prisoners "who seek release from solitary confinement within the context of general incarceration." *Id.* at 887. Similarly, in *Daker v. Warden*, 805 F. App'x 648 (11th Cir. 2020), the Eleventh Circuit acknowledged the Supreme Court's speculation in *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), that a habeas corpus claim might be actionable where a prisoner claims that he has been subjected to additional unconstitutional restraints

during otherwise lawful custody. *Daker*, 805 F. App'x at 650. The court further recognized that claims for release from administrative segregation may proceed as habeas petitions. *See id.* (citing *Krist*, 504 F.2d at 887–88). Moreover, in *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), the Eleventh Circuit supported the treatment of a petition for release from administrative segregation as a habeas corpus petition, citing *Krist* as precedent. *Id.* at 1053.

Based on the foregoing legal precedents, Plaintiff's action, originally filed under 42 U.S.C. § 1983, will be construed as a petition under 28 U.S.C. § 2241. This construction is appropriate given Plaintiff's request for relief from conditions that affect the fact or duration of his solitary confinement.

Accordingly, it is ORDERED that:

(1)   Plaintiff's action is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241;

(2)   The Clerk of Court is directed to update the docket to reflect this change in the nature of the action;

(3)   In the interests of justice, Plaintiff's motion to appoint counsel (Doc. # 45) is GRANTED, and the Federal Defender is appointed to represent Plaintiff, *see* 28 U.S.C. § 3006A(a)(2)(B);

(4)   Counsel for Plaintiff shall file a notice of appearance on or before **April 7, 2025**;

(5) Counsel shall consult with Plaintiff concerning the appointment on or before **April 10, 2025**;

(6) Counsel shall file a status report under seal on or before **April 17, 2025**, addressing Plaintiff's conditions of confinement, mental health status, and hygiene, as well as any other pertinent current information;

(7) Counsel for Plaintiff is GRANTED until **May 7, 2025**, to amend the petition;

(8) The Order entered on October 22, 2024 (Doc. # 8) granting Plaintiff's Motion to Proceed *In Forma Pauperis* is AMENDED to reflect that the $5 filing fee is waived, *see generally* 28 U.S.C. § 1914(a), and the inmate account clerk at the facility where Plaintiff is incarcerated is DIRECTED not to collect a filing fee;

(9) The parties are instructed henceforth to proceed in accordance with the procedural rules applicable to habeas corpus petitions; and

(10) Should Plaintiff wish to pursue a conditions-of-confinement claim, he may bring a separate action pursuant to 42 U.S.C. § 1983 that does not also challenge the fact of his confinement.

DONE this 2nd day of April, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE